**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELDER R. MIRANDA FUENTES,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72641<br><br>Agency No. A071-642-203<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 30, 2014
Pasadena, California

Before:     CANBY, REINHARDT, and WARDLAW, Circuit Judges.

Elder R. Miranda Fuentes, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") sustaining the

government's appeal of an immigration judge's ("IJ") decision terminating

proceedings, and dismissing Miranda Fuentes' prior appeal of the IJ's decision

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

denying his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

The BIA correctly reversed the IJ's decision terminating removal proceedings against Miranda Fuentes, because *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009), forecloses his contention that his statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c).[1]

Substantial evidence does not support the BIA's denial of asylum and withholding of removal on the ground that Miranda Fuentes failed to establish that the past persecution he suffered was on account of a protected ground.[2] Miranda Fuentes, who was found credible by the IJ, testified that after joining a military school in 1982, he received threatening notes from a guerilla group, Ejercito de Los Pobres ("EGP" or "Army of the Poor") accusing him of "study[ing] in a military school while the poor were suffering[,]" and saying that he "should die because [he] supported a corrupt government." He further testified that the guerillas left him threatening notes indicating he should be "fighting for the poor"

---

[1]We review de novo questions of law. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010).

[2]We review for substantial evidence the agency's factual findings. *Aguilar-Ramos*, 594 F.3d at 704.

instead of "cooperating with the government," and that his brother, a member of the guerilla group, told him that the threats were because he was letting the army brainwash him. This testimony compels the conclusion that the guerillas were motivated to harm Miranda Fuentes "at least in part" on account of an imputed pro-government political opinion.[3] *See Sinha v. Holder*, 564 F.3d 1015, 1021 (9th Cir. 2009) (To establish a nexus under pre-REAL ID Act standards, a petitioner must show that his persecutors "were motivated, at least in part, by a protected ground." (internal quotation marks omitted)). The guerillas' statements indicate that they thought that Miranda Fuentes aligned himself with the government, instead of supporting their cause. Although the BIA acknowledged this credible evidence, it nevertheless concluded that the threats indicated the guerillas were motivated to harm Miranda Fuentes because they were angry that he stopped providing them with requested information. But that the guerillas also may have been angered by Miranda Fuentes' refusal to help does not undermine the clear content of their statements specifically attributing to him a pro-government political opinion. *See id.*; *Gonzales-Neyra v. INS*, 122 F.3d 1293, 1296 (9th Cir. 1997) (agency's reliance

---

[3] The harm was substantial. Miranda Fuentes testified that in 1988 his mother was killed in her home and her house was burned down, and a note from the EGP left at the scene warned that this was only the beginning of what was to come. The threatening notes continued and, out of fear for his life, Miranda Fuentes fled to the United States.

on the Shining Path's economic motivation for extortion threats was misplaced, because the Shining Path made it clear that petitioner's political opinions motivated their hostility and threats); *see also Agbuya v. INS*, 241 F.3d 1224, 1229-30 (9th Cir. 2001) (reversing no nexus finding, where petitioner was singled out by the guerillas for her unpopular actions terminating mining employees, she was kidnapped and threatened because she was perceived to be pro-government, and a reasonable factfinder would have to conclude that her actions were an affront to the guerilla's cause); *Vera-Valera v. INS*, 147 F.3d 1036, 1039 (9th Cir. 1998) (finding persecution on account of an imputed political opinion where petitioner refused to comply with the guerillas' demands to stop advocating a construction project).

Accordingly, we conclude that Miranda Fuentes has established past persecution on account of a protected ground, and remand to the BIA for further proceedings consistent with this decision.

Miranda Fuentes is entitled to his costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**